UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARDO CARLOS REEVES,

               Petitioner,                         Case No. 20-cv-12673
                                                       Hon. Matthew F. Leitman

v.

WARDEN O'BELL WINN,

               Respondent.

_____/

**ORDER (1) GRANTING PETITIONER'S MOTION FOR ABEYANCE (ECF No. 7), (2) HOLDING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) IN ABEYANCE, AND (3) ADMINISTRATIVELY CLOSING CASE**

Petitioner Bernardo Carlos Reeves is a state inmate in the custody of the Michigan Department of Corrections.  On September 30, 2020, Reeves, through counsel, filed a petition for a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.)  In the petition, Reeves seeks relief from his convictions of second-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a bench trial in the Wayne County Circuit Court. (*See id.*)  On April 19, 2021, Respondent filed an answer to the petition contending that it should be denied. (*See* Answer, ECF No. 4.)

1

On April 15, 2022, Reeves filed a motion in which he asked the Court to hold his petition in abeyance so that he can return to the state courts and exhaust a newly discovered evidence claim. (*See* Mot., ECF No. 7.)   The Court has carefully reviewed the motion and concludes that it should be **GRANTED**.

A state prisoner who seeks federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. *See* 28 U.S.C. §§ 2254(b) and (c). *See also Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Walker v. Martin*, 562 U.S. 307, 315 (2011).   However, the dismissal of a pending habeas petition while a petitioner pursues state remedies for unexhausted claims could result in the subsequent petition being barred by the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). To avoid that time-bar, a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court believes that such a stay is appropriate here while Reeves attempts to exhaust newly discovered evidence claim in state court.   Accordingly, Reeves' motion to hold his petition in abeyance is **GRANTED**.   This stay is conditioned upon Reeves presenting his unexhausted claim to the state courts by filing a motion for relief from judgment in the state trial court within **<u>ninety (90) days</u>** of the date

2

of this order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing similar procedure). If that court denies Reeves' motion, he must seek timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law. *See id.*

The stay is further conditioned on Reeves' return to this Court with a motion to amend his petition and re-open the case, using the same caption and case number included at the top of this order, within **ninety (90) days** of exhausting his state court remedies. If Reeves fails to comply with any of the conditions described in this order, the Court may dismiss his petition and/or rule only on his currently exhausted claim(s). *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (concluding that the district court's dismissal of a habeas petition was appropriate because the petitioner failed to comply with the conditions of the district court's stay).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case for administrative purposes only. On receipt of Reeves' motion to amend his petition and re-open this case, the Court will order the Clerk to re-open this case for statistical purposes. Nothing in this Order or the related docket entry shall be construed as an adjudication of Reeves' current claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002) (closing a habeas case containing exhausted and unexhausted claims to avoid administrative difficulties and stating that

3

"[n]othing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter").

     **IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:   April 21, 2022

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 21, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
